182 So. 95

### SAMPLES v. STATE.

### 8 Div. 677.

Court of Appeals of Alabama.

June 14, 1938.

Wm. C. Rayburn, of Guntersville, for appellant.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of unlawfully being in possession of whiskey and gin.

Some officers searched a small store, in which, in the back, there was a bed. They testified the whiskey and gin were found in and under this bed; that the premises

were defendant's "place of business"; and the bed, presumedly or assertedly, his bed.

The State's testimony was to the further effect that defendant (appellant) made statements, at the time of the search, which could be rightfully construed as a "confession" that he owned the prohibited liquors in question.

But the appellant denied everything but the finding of the liquors. He denied making the statements attributed to him; and he denied that the premises, including the bed in question, were under his control. Of course he denied the ownership of the whiskey and gin.

The issue was strictly for the jury.

As a part of his defense, and, obviously, to offset any inference of guilt based upon his being in possession of the premises, appellant offered the testimony of the owner of the building that he had rented said premises to one Dowdy; and that Dowdy was in possession of same at the very time of this raid by the officers of the law.

All the above testimony was, upon the State's objection, rejected—appellant reserving proper exception.

This testimony seems to us clearly relevant and competent. It may or may not have been based on truth; but that was for the jury.

If it was so based, a different construction might easily have been placed by the jury upon the statements denominated "confessions" allegedly made by appellant. To say nothing of its undoubted effect upon the jury's attitude of mind when weighing said "confessions" against defendant's (appellant's) denial thereof.

It is true enough, as the learned trial judge remarked in ruling out this testimony, that the "sole question was whether or not defendant (appellant) had possession of the whiskey and gin"; but it by no means follows that testimony as to "who was in possession of the premises where same was found" was irrelevant or incompetent or immaterial.

For the erroneous rejection of the testimony in question the judgment of conviction must be reversed and the cause remanded.

And it is so ordered.

Reversed and remanded.